

1

**CHANG KIM & KYOUNG KIM**
2   15306 Pioneer Blvd.
    Norwalk, CA 90650
3   714-222-0095
4

FILED
CLERK, U.S. DISTRICT COURT

APR 1 0 2023

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

– IFP Submitted.

5

6                   **UNITED STATES DISTRICT COURT**
                    **CENTRAL DISTRICT OF CALIFORNIA**
7

8

9   CHANG KIM, an Individual;
    and  KYOUNG KIM an Individual
10
                                    CASE NO: 8:23-cv-00626-DOC-(ADSx)
11          Plaintiff

12

13                                  Judge:

14      v.

15                                  Complaint Filed:

16

17  DORADO SENIOR APARTMENTS, LP
    and Does 1 to 10 Inclusive
18
                                    **COMPLAINT FOR INJUNCTION AND**
19          Defendants              **DAMAGES:**

20

21                                  1.  **Violation of Federal Fair Housing Act**
                                        **(Housing/Accommodation/Discriminat**
22                                      **ion),**

23                                  2.  **Threatening/Intimidation for**
                                        **Eviction; and**
24
                                    3.  **Intetnional Infliction of Emotional**
25                                      **Distress**

26

27                                  **JURY TRIAL DEMAND**

28
                         ─────────────────────
                              COMPLAINT
                                 -1-

Plaintiff CHANG KIM (80) and KYOUNG KIM (77) (Husband & Wife) allege in their Complaint against Defendants DORADO SENIOR APARTMENTS, L.P. (California Limited Partnership) and DOES 1-10, inclusive, as follows:

## THE PARTIES

1.  Plaintiff CHANG KIM (80) & Kyoung Kim (77) has been residing the County of Orange, California (8622 Stanton Ave., #425 Buena Park, CA 90620.

2.  Defendant DORADO SENIOR APARTMENTS is a California Limited Partnership conducting business in the State of California (11150 W. Olympic Blvd., #620, Los Angeles, CA 90064)

3.  Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 20, inclusive, but on information and belief allege that said Defendants are legally responsible to them. Plaintiff will amend this Complaint to allege the true names and capacities of the Doe Defendants when ascertained.

## JURISDICTION AND VENUE

4. Under 28 U.S.C. § 1331, this Court has Federal Court jurisdiction over the claims (i.e., Federal Questions) between Plaintiffs and Defendant which "arise under" Federal Fair Housing Act (42 U.S.C. 3601 et seq.,). [1]

5. The defendant "Dorado Senior Apartments, L.P." had been federally-funded with benefit of Low-Income Housing Tax Credit (LIHTC). [2]

6. Venue is proper in this district because instant action arises under the federal law that creates the cause of action, which are therefore to create federal question jurisdiction.


## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF


7. Plaintiffs CHANG KIM & KYOUNG KIM (Husband & Wife) had been residing in Dorado Senior Apartments L.P. located at 8622 Stanton Ave., Buena Park, CA 90620 since 9/2006 (i.e., more than 16 years).

8. CHANG KIM (80) is disable person in the wheelchair (no two legs) and chronical stroke patient and thus he cannot express, explain, comments or argue.

---

[1] Under Article III of the Constitution, federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States..." US Const, Art III, Sec 2. The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any case in which there is a **federal ingredient**. Osborn v. Bank of the United States, 22 US 738 (1824).

[2] The Low-Income Housing Tax Credit (LIHTC) is a tax incentive for housing developers to construct, purchase, or renovate housing for low-income individuals and families, which was written into the Tax Reform Act of 1986

9. His wife KYOUNG KIM (77) has also chronicle heart failure (Cardiac) disease, where she commonly lost rational thinking and sometimes confused.

10. Under the circumstances, they nonetheless had been happily residing to their dwelling of 8622 Stanton Ave., #425, Buena Park, CA 90620 since 9/2006 (i.e., more than 16 years), until defendant (Dorado Senior Apts.) started to plan eviction of them (i.e., SCAM).

11. During their residing, they never had breached any expressive covenant, nor had them violated any implied covenant.   Of course, they absolutely have timely paid rents.

12.  In addition, they never had interfered with other tenants' private life, nor had they interrupted their quiet use and enjoyment.

13. Nonetheless, *after exactly 10 years later to their residing*, on 9/1/2016, the defendant (Dorado Senior Apt.) unexpectedly and dramatically mailed "60 - Day Notice to Quit," of which other tenants complained to conduct of Mr. Chang Kim (Disable wheelchair supported).

14. It was indeed ridiculous to use **other persons' wrongful and untruthful statement** so that the defendant evicted the plaintiffs. (EXHIBIT I – Plaintiffs' Response thereof)

15. Two and half (2 ½ ) years later on 2/10/2019, the plaintiff landlord mailed same (60 - Day Notice to Quit) as before, where  other tenants complained to the conduct of Mr. Chang Kim (Disable wheelchair supported), which was extremely groundless and fabricated facts, deliberately using fictitious names of tenants (i.e., 3rd party strangers). (EXHIBIT II – Plaintiffs' Response thereof)

16.  Those were not final.  Continuously, other Two and half (2 ½ ) years later on 8/16/2022, the landlord (Dorado Senior Apt.) repeatedly mailed same (60 - Day Notice to Quit) content as before, where  other tenants complained to the conduct of Mr. Chang Kim

(Disable wheelchair supported), which was extremely groundless and fabricated facts, deliberately using fictitious names of tenants (i.e., 3rd party strangers).  (EXHIBIT III – Plaintiffs' Response thereof)

17. Above three notices (60 days to quit) have exactly **same content of threatening, intimidation for eviction, using other 3rd parties' groundless complaint pursuant to defendant (Dorado Senior Apt.)'s SCAM.**

18. Defendant's such written notice was <u>exactly started 10 years later</u> to the plaintiffs' residing since 9/2006. (i.e., 9/2016, 2/2019 and 8/2022) [3]

19. The reason was totally based upon other 3rd party stranger's untruthful statement (i.e., HEARSAY).

20. It was realistically and substantially threatening to the plaintiffs, even if they do not know why and how to do, **considering suicide.**

21. Stereotyped Hearsay Statement by 3rd parties <u>all of three notices</u> are: [4]

   a) *On or about 6/8/2022, the management received a complaint from another resident that you were harassing him by repeatedly passing in front of the clubhouse television and loudly making multiple phone calls on speaker phone……*

_____

[3] It is reasonably believed that Landlord's such threatening eviction warning notice was related with Low-Income Housing Tax Credit (LIHTC), which is a <u>tax incentive</u> for housing developers to construct, purchase, or renovate housing for low-income individuals and families, which was written into the <u>Tax Reform Act of 1986</u>.

[4] These untruthful statement by other 3rd parties (strangers) is actually same as landlord's notice to quit on 8/2022 and other prior two notices (i.e., 9/2016 and 2/2019) had same contents except date of occurrence.

b) *On or about 6/8/2022, the management received a complaint from another resident that you were harassing him by repeatedly passing in front of another resident reported to the leasing office that you were banging on their door and ringing their door bell at approximately 10:30 PM and move their car from the handicapped parking lots ....*

c) *On or about 6/14/2022, THREE (3) DAY NOTICE was groundless, because I stated,*

d) *On or about 7/12/2022, management received a complaint from another resident that, as she was watering the plants in the community clubhouse at approximately 7 PM, you approached her and began screaming at her to stop....*

e) *On or about 7/26/2022, at approximately 8;30 PAM, handicapped parking matter, where Resident Manager (RM) was leaving the laundry room when she heard screaming coming from the nearby common area. She found you screaming at another resident to move her vehicle. .*

## FIRST CAUSE OF ACTION
### Violation of Fair Housing Act
### (Housing/Accommodation/Discrimination)
### Against All Defendants

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

23. The Fair Housing Act makes it unlawful to refuse to make "reasonable accommodations" to rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling.

24. A "reasonable accommodation" is a change, exception, or adjustment to a rule, policy, practice, or service that may be necessary for a person with a disability to have an equal opportunity to use and enjoy a dwelling, including public and common use spaces.

25. In addition, the Fair Housing Act (Act) prohibits discrimination, which is illegal to threaten, coerce, intimidate or interfere with anyone exercising a fair housing right or assisting others who exercise the right [5]

26. Plaintiffs CHANG KIM & KYOUNG KIM (Husband & Wife) had been residing in Dorado Senior Apartments L.P. located at 8622 Stanton Ave., Buena Park, CA 90620 since 9/2006 (i.e., more than 16 years).

27. CHANG KIM (80) is disable person in the wheelchair (no two legs) and chronical stroke patient and thus he cannot express, explain, comments or argue.

28. His wife KYOUNG KIM (77) has also chronicle heart failure (Cardiac) disease, where she commonly lost rational thinking and sometimes confused.

---

[5] A landlord cannot make the decision to evict you based in whole or in part on one of these characteristics. It does not matter that the landlord might have the right to evict you for *other* reasons.  If the eviction decision was based in part on one of *these* reasons, the landlord violates the Fair Housing Act. Even if you are behind on your rent and subject to eviction, a landlord may not pick and choose *which* tenants to evict based on any protected characteristic.

29. Under the circumstances, they nonetheless had been happily residing to their dwelling of 8622 Stanton Ave., #425, Buena Park, CA 90620 since 1/2007 (i.e., more than 16 years) until defendant (Dorado Senior Apts.) started to plan eviction of them (i.e., SCAM).

30. During their residing they never had breached any expressive covenant, nor had them violated any implied covenant.   Of course, they absolutely have timely paid rents.

31.  In addition, they never had interfered with other tenants' private life, nor had they interrupted their quiet use and enjoyment.

32. Nonetheless, *after exactly 10 years later to their residing*, on 9/1/2016, the defendant (Dorado Senior Apt.) unexpectedly and dramatically mailed 60 - Day Notice to Quit), of which other tenants complained to conduct of Mr. Chang Kim (Disable wheelchair supported).

33. It was indeed ridiculous to use other persons' wrongful and untruthful statement so that the defendant evicted the plaintiffs. (EXHIBIT I)

34. Two and half (2 ½ ) years later on 2/10/2019, the plaintiff landlord mailed same (60 - Day Notice to Quit) as before, where  other tenants complained to the conduct of Mr. Chang Kim (Disable wheelchair supported), which was extremely groundless and fabricated facts, deliberately using fictitious names of tenants (i.e., 3rd party strangers). (EXHIBIT II)

35.   Those were not final.  Other Two and half (2 ½ ) years later on 8/16/2022, the landlord (Dorado Senior Apt.) repeatedly mailed same (60 - Day Notice to Quit) content as before, where  other tenants complained to the conduct of Mr. Chang Kim (Disable wheelchair supported), which was extremely groundless and fabricated facts, deliberately using fictitious names of tenants (i.e., 3rd party strangers).  (EXHIBIT III)

36. Above three notices (60 days to quit) have exactly **same content of threatening, intimidation for eviction, using other 3rd parties' groundless complaint pursuant to defendant (Dorado Senior Apt.)'s SCAM.**

37. Repeatedly, such written notice was <u>exactly started 10 years later</u> to the plaintiffs' residing since 9/2006. (i.e., 9/2016, 2/2019 and 8/2022)

38. The reason was totally based upon other 3rd party stranger's untruthful statement (i.e., HEARSAY) for eviction purpose.

39. It was realistically and substantially threatening to the plaintiffs, even if they do not know why and how to do, **considering suicide.**

40. Stereotyped Hearsay Statement by 3rd parties <u>all of three notices</u> are:

    f) *On or about 6/8/2022, the management received a complaint from another resident that you were harassing him by repeatedly passing in front of the clubhouse television and loudly making multiple phone calls on speaker phone……*

    g) *On or about 6/8/2022, the management received a complaint from another resident that you were harassing him by repeatedly passing in front of another resident reported to the leasing office that you were banging on their door and ringing their door bell at approximately 10:30 PM and move their car from the handicapped parking lots ….*

    h) *On or about 6/14/2022, THREE (3) DAY NOTICE was groundless, because I stated,*

i) *On or about 7/12/2022, management received a complaint from another resident that, as she was watering the plants in the community clubhouse at approximately 7 PM, you approached her and began screaming at her to stop....*

j) *On or about 7/26/2022, at approximately 8;30 PAM, handicapped parking matter, where Resident Manager (RM) was leaving the laundry room when she heard screaming coming from the nearby common area. She found you screaming at another resident to move her vehicle. .*

### SECOND CAUSE OF ACTION

### Threatening Intimidation for Eviction

### (Against All Defendants)

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

42. Repeatedly, during their residing they never had breached any expressive covenant, nor had them violated any implied covenant.   Of course, they absolutely have timely paid rents.

43. In addition, they never had interfered with other tenants' private life, nor had they interrupted their quiet use and enjoyment.

44. Nonetheless, ***after exactly 10 years later to their residing***, on 9/1/2016, the defendant (Dorado Senior Apt.) unexpectedly and dramatically mailed 60 - Day Notice to Quit), of which other tenants complained to conduct of Mr. Chang Kim (Disable wheelchair supported).

45. These notices were repeatedly continuous every 2 ½ years interval on 2/10/2019 and 8/16/2022.

46. It was realistically and substantially threatening to the plaintiffs, even if they do not know why and how to do, <u>considering suicide</u>.


### THIRD CAUSE OF ACTION

Intentional Infliction of Emotional Distress

(Against All Defendants)


47. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

48. A defendant's conduct was outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community and intended to inflict injury or engaged in with realization that injury will result." Hughes v. Pair (2009) 46 Cal.4th 1035, 1050-1051)

49. Now, the plaintiffs (Husband & Wife) have been survived approximately $2,350.00 (Government Aid).  They are disable and cannot express their intent..  They cannot work and talk.

50. <u>They cannot understand why they should be moved out</u>, even if during their residing they never had breached any expressive covenant, nor had them violated any implied covenant.

51. Of course, they absolutely have timely paid rents.  In addition, they never had interfered with other tenants' private life, nor had they interrupted their quiet use and enjoyment.

52. Landlord's scam to evict the plaintiffs (Disabled Senior Citizen Couple) were extremely outrageous, ***after exactly 10 years later to their residing,*** on 9/1/2016, the defendant (Dorado Senior Apt.) unexpectedly and dramatically mailed 60 - Day Notice to Quit), of which other tenants complained to conduct of Mr. Chang Kim (Disable wheelchair supported).

53. It was repeatedly continuous every 2 ½ years interval 2/10/2019 and 8/16/2022, which have same threatening content.

54. It was realistically and substantially threatening to the plaintiffs, even if they do not know why and how to do, considering suicide.

55. Indeed, they are evicted, it is same as they were trashed away to the street. They cannot survive on the street. They could have not financially leased their dwelling.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. Stop threatening for eviction purpose.

2. For injunctive relief, according to proof;

3. Compensatory damages, emotional injury and restitution in an amount to be determined at trial; and

4. For such other and further relief as the Court may deem just and proper.


DATED: April 4, 2023


*CHANG KIM*                                    *KYOUNG KIM*

CHANG KIM                                      KYOUNG KIM

1
2
3
4
5
6

# <u>EXHIBIT I</u>

7
8
9

# Plaintiffs' Response on 9/1/2016

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT

September 13, 2016

*Via Certified Mail and U.S. Regular Postal Service*

Chang Ung Kim
Tenant and Complainant
8622 Stanton Ave., #425
Buena Park, CA 90620

Attorney for Landlord/Owner
Dorado Senior Apartments, L.P
Law office of Kimball, Tirey & St. John LLP
2040 Main St., Suite 500
Irvine, CA 92614
949-476-5585/5580 (F)

<u>RE: Malicious Scam to Evict Innocent Tenants upon Fabrication of Facts in relation to
Violation of Implied Covenant of Quiet Use and Enjoyment
Premise Address: 8622 Stanton Ave., Buena Park, CA 90620</u>

To whom it may concern:

Being attached herein, your firm through manager of above apartment premises owned
by Dorado Senior Apartments, L.P. hand carried **60-Day Notice** to Terminate Tenancy.

Leased premise is specifically-purposed Senior Apartments in accordance with the
requirement of the Tax Credit Program and/or financing terms and in accordance with
California law.  The reason of eviction is violation of Implied Covenant of Quiet Use and
Enjoyment, because I violated following FOUR (4) facts.

However, **these facts are extremely fabricated** by current apartment manager; Ms.
Ramona May residing in #346 and/or other related tenants residing in #333 and #423.

1. <u>Complainant handicapped (i.e., no legs in wheelchair) cannot normally use
   restroom. (Happening of August 13,2013)</u>

Complainant tenant is 72-year old handicapped without two legs and using wheelchair
could have not and would have not normally used restroom in common area.  I could
have not found for **handicapped use pursuant to ADA**.  In addition, I never had
regularly pouring urine onto the floor of the Men's restroom.  This is extremely
fabricated facts by property manager's own conclusion.  I will and must find exact
answer against her and landlord even in the help of court action.

2. <u>Complainant handicapped never had intimidated, nor had verbally and physically abusive towards the volunteers handling the distribution of "Second Harvest Brown Bags." (October 5, 2015)</u>

Complainant tenant rather helped and assisted volunteers using wheelchairs to distribute to other seniors than intimidated to them. Property manager (Ms. Ramona May) must provide the court with exactly relevant evidences.

3. <u>Complainant handicapped never had abusive with residents in the billiard room, nor had physically attacked the resident in the elevator, leaving marks on his wrist and throat. (November 27, 2015)</u>

In my understanding, related tenant is healthier Japanese-speaking man currently residing #333 of Senior Apartments. I could have not and would have not attacked him in the elevator leaving marks on his wrist and throat. I will strictly demand his statement if he stated truthfully to manager. I will firmly to have him stood as witness in the court action, if this fact was maliciously fabricated by property manager.

4. <u>Complainant handicapped never had regularly closed his door slam, nor had yelling, "You fucking bitch, You get out of here." (August 18, 2016)</u>

I never had knowingly and regularly closed door slam, even if I was not comfortable in wheelchair using. In addition, I never had yelling neighbor residing #423, "You fucking bitch......You get out of here," even if she called police by the reason of door slam. I have evidences of police's statement that *slam door cannot be a reason to busy piece officers.*

As you aware, both California law and the requirements of the Tax Credit Program do not and cannot **further and encourage fabrication of facts,** so that landlord and/or property manager may easily take eviction against handicapped tenants. Repeatedly, **I never had violated Implied Covenant of Quiet Use and Enjoyment, nor had created Nuisance of intentional, substantial and reasonable interference to reasonable tenants.**

Without hesitation, I will find justice and court's answer against your client DORADO SENIOR APARTMENTS, LP and its property manager Ms. Ramona May, who planned scam to evict innocent handicapped, using fabricated facts.

<u>**PAGE THREE OF THREE**</u>
*Violation of Implied Covenant of Quiet Use and Enjoyment*
*Premise Address: 8622 Stanton Ave., Buena Park, CA 90620*

I believe in that attorney pursues justice not frivolous matter.

Thank you for your courtesy and professionalism.

Chang Ung Kim
Complainant/Tenant

c.c.

1. Dorado Senior Apartments, L.P.
   1516 Pontius Ave., #202
   Los Angeles, CA 90025

2. Ms. Ramona May
   8622 Stanton Ave., #346
   Buena Park, CA 90620

3. Dorado Senior Apartments, L.P.
   1516 Pontius Ave., #202
   Los Angeles, CA 90025

4. Ms. Ramona May
   8622 Stanton Ave., #346
   Buena Park, CA 90620

# <u>EXHIBIT II</u>

# Plaintiffs' Response on 2/10/2019

COMPLAINT

February 19, 2019

*Via Certified Mail and*
*U.S. Regular Postal Service*

Chang Kim & Kyoung Kim
Tenants and Complainants
8622 Stanton Ave., #425
Buena Park, CA 90620

Dorado Senior Apartments, L.P
c/o, Mr. John M. Huskey
11150 W. Olympic Blvd., #620
Los Angeles, CA 90064

**RE: Malicious and Retaliatory Scam to Evict Innocent Tenants**
**Upon Fabrication of Facts in relation to**
**Violation of Implied Covenant of Quiet Use and Enjoyment**
**Premise Address: 8622 Stanton Ave., #425, Buena Park, CA 90620**

Dear Mr. Huskey,

Being attached herein, the manager of above apartment complex (i.e., Ms. Ramona May) has been chronically and deliberately threatening me and my wife in violation of our constitutional right (i.e., Privacy and First Amendment Right).  Also, she creates and fabricates facts, so that she may evict me and my wife. [1]

Leased premise is specifically-purposed for Senior Apartments in accordance with the requirement of the Tax Credit Program and/or financing terms (i..e, Government Funds) under California law.

On 2/15/2019, the manager groundlessly and frivolously attached "Notice to Permanently Perform Covenant or Quit (Notice)." The reason of that notice was that I violated Implied Covenant of Quiet Use and Enjoyment and breached Nuisance (private) in support of extremely fabricated facts. [2]

---

[1] Here, as a note, complainant is a senior citizen as a tenant with wheelchair.  His two legs are gone.

2.  This fact was not occurred or it was extremely fabricated specifically aiming to evict innocent tenant/ claimant.  Furthermore, this kind of regulation (or contract) cannot be enforceable in violation of tenants constitutional right.

The notice states that *on 2/15/2019 the office staff heard you harass another resident by barking like a dog at her. According to the resident you have demonstrated this behavior on at least two prior occasions.*

Here, however, I did not know staff who. Also, I did not know resident I harassed currently and twice prior occasions, dating back August 2016. I never had harassed anybody, nor had I harassed anybody before on August 2016.

If I harassed resident, she must appear to me. In addition, if an apartment staff saw my conduct, she has to also appear to me as a witness. Of course, at law, they have to appear in the court, <u>if eviction by this launched</u>.

As mentioned, any contract or agreement including landlord and tenants agreement cannot regulate human being's constitutional right. Furthermore, any contract (agreement) terms and conditions cannot violate any law and regulations.

Here, Permanently Perform Covenant or Quit (i.e., Deter and regulate Fundamental Right of Human Being) can be illegal contract, which must be void. This notice deliberately creates legal and factual ground and maliciously shows the goal of eviction of disable tenant with wheelchair and his wife, which is definitely and certainly retaliatory.

Indeed, on August 2016, this manager had attempted same and similar scam with fabricated facts, so that she wanted to evict complainant with his wife, even if her scam was not accomplished.

Please do not make any scary situations. We are substantially and realistically scared by this manager who has unreasonable bias to me (handicapped senior) and Senior Asian Americans.

Thank you for your courtesy, justice and professionalism.

Best truly,


_____
Chang  Kim

Kyoung Kim

***PAGE THREE OF THREE***
***Malicious and Retaliatory Scam to***
***Evict Innocent Tenants***
***8622 Stanton Ave., #425, Buena Park, CA 90620***

Attachment I – Notice to Permanently Perform or Quit

Attachment II – Letter to Landlord's Attorney

c.c.

Ms. Ramona May
8622 Stanton Ave., #346
Buena Park, CA 90620

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT III</u>

# Plaintiffs' Response on 8/16/2022

---

COMPLAINT

August 16, 2022

*Via Certified Mail and*
*U.S. Regular Postal Service*

Chang Kim & Kyoung Kim
Tenants and Complainants
8622 Stanton Ave., #425
Buena Park, CA 90620

Dorado Senior Apartments, L.P
c/o, Mr. John M. Huskey
11150 W. Olympic Blvd., #620
Los Angeles, CA 90064

**RE: Malicious and Groundless Scam to Evict Innocent Tenants**
**Upon Fabrication of Facts**
**in the premise of Senior Apartment Government funded**
**Premise Address: 8622 Stanton Ave., #425, Buena Park, CA 90620**

Dear Mr. Huskey,

Being attached herein, the manager of above apartment complex hand carried this SIXTY (60) DAY NOTICE, which was dramatically and suspiciously written by anonymous attorney who is representing you and landlord "Dorado Senior Apartments, LP," a California Limited Partnership.. (See, Attachment)

In addition, you are not an attorney, because your name (JOHN M. HUSKEY) is not shown in the public record as a member of Cal. State Bar.  As you may be aware, this notice is "hoax-like" to miserable senior tenants, deliberately intending to evict my wife (76) and me (78).

Indeed, current manager who hand carried this notice had been maliciously and groundlessly intimidating and threatening me and my wife in violation of our constitutional right (i.e., Equal Protection, Privacy and First Amendment Right) and tenancy right.   In parallel therewith, this notice had deliberately created and fabricated the facts,  dramatically using other anonymous tenants' complaint so that you justify to evict my wife and me (i.e.,  Disabled with wheelchair).

This kind of conduct (scam) had been chronically occurred to us on 9/2016, 2/2019 by former management  and 8/15/2022 by current management.

In our understanding, leased premise is specifically-purposed for Senior citizens in
accordance with the requirement of the Tax Credit Program and/or financing terms (i.e.,
Government Funds) under California law.

## FABRICATED FACTS (GROUNDS) FOR TERMINATION

Anonymous attorney for you (agent) and landlord described and fabricated the ground
unilaterally and liberally, where:

1. *On or about 6/8/2022, the management received a complaint from another
   resident that you were harassing him by repeatedly passing in front of the
   clubhouse television and loudly making multiple phone calls on speaker
   phone……*
   Here, I as a wheelchair disable never had harassed to anybody, nor had I had
   loudly multiple calls on speaker phone. Please identify the resident who?

2. *On or about 6/8/2022, the management received a complaint from another
   resident that you were harassing him by repeatedly passing in front of the another
   resident reported to the leasing office that you were banging on their door and
   ringing their door bell at approximately 10:30 PM and move their car from the
   handicapped parking lots ….*
   Here, I usually go to bed at 9:30 PM…. I don't remember about this episode.
   Please bring another resident to identify them. This is too liberal and unilateral in
   your side only. Furthermore, 8/2015 file for what.

3. *On or about 6/14/2022, THREE (3) DAY NOTICE was groundless, because I
   stated,* I as a wheelchair disable never had harassed to anybody

4. *On or about 7/12/2022, management received a complaint from another resident
   that, as she was watering the plants in the community clubhouse at approximately
   7 PM, you approached her and began screaming at her to stop…..*
   Here, however, I did not….another resident WHO?

*PAGE THREE OF THREE*
*Malicious and Groundless Scam to*
*Evict Innocent Tenants upon Fabricated Facts*

5. *On or about 7/26/2022, at approximately 8;30 PAM, handicapped parking matter, where Resident Manager (RM) was leaving the laundry room when she heard screaming coming from the nearby common area. She found you screaming at another resident to move her vehicle. .*
Here, however, I do not remember I yelled to another resident for parking matter.

Your decision to terminate our tenancy based upon above groundless (fabricated) facts cannot be accepted. We have our own "Due process Right" and "Equal Protection Right" to this Senior Apartment Government funded.

Thank you for your professional courtesy and justice.

Best truly,

Chang Kim                Kyoung Kim

Attachment:

Sixty (60) Day Notice to Terminate Tenancy

c.c.

Management
8622 Stanton Ave., #446
Buena Park, CA 90620